[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

No. 10-10328
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cr-00082-JA-DAB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN PETERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 30, 2010)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Sean Peters, who was convicted at trial of possession of child pornography,

appeals from his 52-months sentence of imprisonment. On appeal, he argues that the

district court committed procedural error in imposing his sentence by failing to explicitly consider his argument that his sentence would be unreasonably harsh based on the likelihood that he would have to serve it in protective custody based on his service in law enforcement. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted). The burden is on

the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. <u>Talley</u>, 431 F.3d at 788.

Here, Peters has failed to show that his 52-month sentence is procedurally unreasonable. Although the district court did not expressly address Peters' argument concerning the harshness of his sentence based on the possibility of having to serve it in isolation or protective custody, the court's omission in this respect was not an error. On the whole, the district court acknowledged that it considered the § 3553(a) factors and the parties' arguments, noted the guidelines were advisory, and articulated its reasons for imposing the sentence. Consequently, Peters has not shown that the court committed any procedural error.

Moreover, because Peters does not offer any argument regarding the substantive reasonableness of his sentence, he has abandoned any such argument. <u>See</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that a party abandons an issue if he does not raise it in his initial brief). Accordingly, we affirm.

**AFFIRMED.**